IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRYSTAL FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-1073 |
| | ) | |
| GMRI, INC., d/b/a OLIVE GARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Crystal Flores ("Flores") initiated this action on December 16, 2015, against her former employer, Defendant Olive Garden ("Olive Garden"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and North Carolina law, N.C. Gen. Stat. § 143-422.2. (ECF No. 1 at 9–12.) Before the Court is Olive Garden's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration. (ECF No. 5.) For the reasons discussed below, Olive Garden's motion will be granted in part and denied in part.

I.      **PROCEDURAL BACKGROUND**

On March 27, 2012, Flores began her employment with Olive Garden. (ECF No. 1 ¶ 18.) As a part of the hiring process, Olive Garden provided Flores with a copy of the company's Dispute Resolution Process booklet ("DRP") and on March 23, 2012, Flores executed an acknowledgment of the booklet confirming her agreement to submit covered

matters to the dispute resolution process outlined in the DRP, among other things. (ECF No. 5-1 ¶¶ 3–4, at 2–3.) Flores' employment was terminated on September 16, 2013. (ECF No. 1 ¶ 42.)

In response to her termination, Flores filed an action with the American Arbitration Association ("AAA") alleging all causes of action that she has now filed in this lawsuit, except her ADA claim. (*Id.* ¶ 9.) On October 5, 2015, Flores amended her AAA action to include all claims that she has now alleged in her Complaint; and further, alleged that "the AAA had jurisdiction over the matter pursuant to an employer-promulgated arbitration agreement." (*Id.* ¶¶ 10–11; ECF No. 1-1 ¶ 5.) Olive Garden filed an Answer to both Flores' original action and amended action which each contained a general denial to "each and every, all and singular, material allegation" contained in the Demand as well as additional defenses. (ECF No. 5-2 at 2, 21; *see* ECF No. 1 ¶ 13.) In arbitration Flores contended that Olive Garden did not answer the Demand in good faith because it "generally denied each and every allegation." (ECF No. 5-2 ¶ 4, at 26.) In an Order dated October 21, 2015, the Arbitrator responded to Flores' contention, ruling that Olive Garden had "complied with the requirements of both the DRP and the [AAA] Rules with its Answer." (*Id.* ¶ 7, at 26–27.)

On October 30, 2015, the parties submitted a joint Stipulation of Dismissal of the AAA action. (*Id.* at 28–29.) Based on the parties' stipulation, on November 2, 2015, the Arbitrator entered an Order dismissing the action without prejudice and providing that Flores would have six (6) months from the date of the Order to re-file the same claims alleged in this action. (ECF No. 5-2 ¶ 2, at 31–32.) Further, the Arbitrator ordered that "[s]hould Claimant re-file within six months [following the dismissal], such filing will be handled subject to any company

policy or agreement governing arbitrations that controlled this action." (*Id.* ¶ 4, at 32.) Rather than re-filing her claims with the AAA, Flores filed the action with this Court. (*See* ECF No. 1.)

Olive Garden moves pursuant to Rules 12(b)(1) and/or (6) of the Federal Rules of Civil Procedure, Local Rules 7.2 and 7.3, and the Federal Arbitration Act, 9 U.S.C. §§ 1–4, for an Order dismissing these proceedings and compelling arbitration. (ECF No. 5 at 1.) Flores contends, among other things, that Olive Garden, by filing a general denial in the AAA action, including a denial to the allegation that the AAA has jurisdiction over the matter pursuant to an employer-promulgated arbitration agreement, has waived arbitration and should be estopped from asserting any right to arbitration pursuant to its agreement. (ECF No. 7 at 2, 4–6.)

## II.    STANDARDS OF REVIEW

### A.  Rule 12(b)(1): Subject-Matter Jurisdiction

Subject-matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). A motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Id.* at 452. The burden of establishing subject-matter jurisdiction is on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Once the court determines it lacks subject-matter jurisdiction over a claim, it must dismiss that claim. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009). Irrespective of whether

the parties raise the issue of subject-matter jurisdiction, the court has an independent

obligation to ensure it possesses such jurisdiction before proceeding. *Constantine v. Rectors &*

*Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005).

### B. Rule 12(b)(6): Failure to State a Claim

The purpose of a motion made under Rule 12(b)(6) of the Federal Rules of Civil

Procedure "is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231,

243 (4th Cir. 1999). A complaint may fail to state a claim upon which relief may be granted

in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see*

*Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause

of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A dismissal

under Rule 12(b)(6) is appropriate only when the complaint "lacks a cognizable legal theory

or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,*

521 F.3d 1097, 1104 (9th Cir. 2008); *see also Capital Associated Indus. v. Cooper*, 129 F. Supp. 3d

281, 299 (M.D.N.C. 2015).

## III. FEDERAL ARBITRATION ACT

The rights and responsibilities of parties under an arbitration agreement are governed

by the Federal Arbitration Act ("FAA" or "Act"), which is codified at 9 U.S.C. §§ 1–16. *Patten*

*Grading & Paving, Inc. v. Skanska USA Building, Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). The Act

authorizes courts to compel arbitration if the movant demonstrates "(1) the existence of a

dispute between the parties, (2) a written agreement that includes an arbitration provision

which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced

by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of

[a party] to arbitrate the dispute." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th

Cir. 2005) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). Section

3 of the Act specifically provides:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which suit is pending, upon
> being satisfied that the issue involved in such suit or proceeding is
> referable to arbitration under such agreement, shall on application of one
> of the parties stay the trial of the action until such arbitration has been
> had in accordance with the terms of the agreement, providing the
> applicant for stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Further, a court can compel arbitration pursuant to a valid arbitration agreement only

if "save for such agreement, [the court] would have jurisdiction" to hear the case. *Id.* § 4.

Specifically, Section 4 provides in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to
> arbitrate under a written agreement for arbitration may petition any
> United States district court which, save for such agreement, would have
> jurisdiction under [T]itle 28 . . . for an order directing that such
> arbitration proceed in the manner provided for in such agreement.

*Id.*

"Motions to compel arbitration under an arbitration clause should not be denied 'unless

it may be said with positive assurance that the arbitration clause is not susceptible of an

interpretation that covers the asserted dispute. Doubts should be resolved in favor of

coverage.'" *Zandford v. Prudential-Bache Sec., Inc.*, 112 F.3d 723, 727 (4th Cir. 1997) (quoting

*Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989)). In

addition, while Section 3 of the FAA authorizes a stay of the proceedings, dismissal of an

action, rather than a stay, may be proper when all of the issues presented in a lawsuit are arbitrable. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).

## IV.  DISCUSSION

Olive Garden moves for an order dismissing these proceedings and compelling arbitration pursuant to Rules 12(b)(1) and/or (6) of the Federal Rules of Civil Procedure and the FAA.

It is unclear why Olive Garden has sought dismissal of Flores' Complaint pursuant to Rule 12(b)(1), since such a dismissal, in this case, would preclude this Court from entering any order, including an order compelling arbitration as sought by Olive Garden.  It appears that Olive Garden may have conflated the issue of subject matter jurisdiction with the issue of arbitrability.  The Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, recognized that the FAA is an anomaly in the field of federal-court jurisdiction.  460 U.S. 1, 25 n.32 (1983).  According to the Court, the Act, while creating a body of substantive law establishing and regulating the duty to honor an agreement to arbitrate, does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise.  *Id.*  Thus, because Section 4 of the Act provides for an Order compelling arbitration *only when the federal district court would have jurisdiction over a suit*, here, there must be some independent basis for subject-matter jurisdiction before this Court can entertain Olive Garden's motion or enter the order requested by Olive Garden.  Because Flores alleges violations of the ADA and the FMLA, there is an independent basis for this Court to exercise subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, so as to permit the Court to grant Olive Garden's requested

relief if it determines that it is appropriate to do so. The Court will therefore deny Olive Garden's motion to dismiss to the extent that it seeks dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.[1]

The Court next considers Olive Garden's motion to dismiss and motion to compel pursuant to the FAA. Here, Flores does not contest (1) the existence of a dispute between the parties, (2) the existence or the original enforceability of the parties' arbitration agreement,[2] (3) that all of the claims that she has now filed in the Complaint in this action were subject to arbitration pursuant to the parties' arbitration agreement, or (4) that she now refuses to arbitrate. (*See* ECF No. 7 at 3.) Further, Flores has not argued that Olive Garden is in statutory default of the parties' arbitration agreement. Thus, it would appear that Olive Garden has established the necessary prerequisites to compel arbitration on issues covered by the parties' original arbitration agreement, *i.e.*, a dispute between the parties, an arbitration agreement which purports to cover that dispute, a refusal by Flores to arbitrate and no default by Olive Garden.

Flores' sole argument in opposition to Olive Garden's motion to compel is that, Olive Garden, by pleading a "general denial" in the AAA proceeding which she contends was a denial of the specific allegation "that the AAA had jurisdiction over the matter pursuant to an employer-promulgated arbitration agreement," waived its right to arbitration, or in the

---

[1] The Court will also deny Olive Garden's motion to dismiss to the extent it seeks dismissal under Rule 12(b)(6) for failure to state a claim as neither party in its brief argues that Flores has not stated plausible claims for relief under the ADA and FMLA. (*See* ECF Nos. 6, 7, 8.)

[2] Original enforceability refers to the enforceability prior to the alleged waiver.

alternative, should be estopped from asserting such right. (*Id.* at 2, 4–6.) Olive Garden denies that it has waived its right to arbitration and contends that all issues in dispute, including the issue of waiver, should be decided in arbitration and not in this Court. (ECF No. 8 at 2.)

Before the merits of Flores' waiver claim can be decided, this Court must first determine as a threshold matter whether the claim of waiver should be before this Court or the arbitrator. To make this determination, the Court would ordinarily look to the parties' agreement. However, where, as in this case, the agreement is silent on the matter of who decides threshold questions about arbitration, courts utilize presumptions to determine the parties' intent. *See BG Grp. PLC v. Republic of Arg.*, 134 S. Ct. 1198, 1206 (2014). "On the one hand, courts presume that parties intend courts, not arbitrators, to decide what we have called disputes about 'arbitrability.'" *Id.* "These include questions such as 'whether the parties are bound by a given arbitration clause,' or 'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). "On the other hand, courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." *Id.* at 1207 (citing *Howsam*, 537 U.S. at 86). Such procedural matters include "claims of 'waiver, delay, or a like defense to arbitrability.'" *Id.* (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 25).

The issue of waiver presented in this case falls squarely within the latter presumption.[3] Flores offers no evidence or arguments to overcome this presumption. Of critical significance, in this case, is the fact that the conduct that Flores asserts constitutes a waiver occurred solely and exclusively in the arbitration process and has been addressed to some extent by the arbitrator. In his Order the arbitrator specifically addressed the same conduct by Olive Garden complained of here and concluded that Olive Garden's Answer complied with the requirements of both the DRP and the AAA Rules. (ECF No. 5-2 ¶ 7, at 26–27.) It is the arbitrator, and not this Court, who possesses the unique expertise to resolve this clearly procedural issue and in this case may have already done so. *See Dockser v. Schwartzberg*, 433 F.3d 421, 427 (4th Cir. 2006). The Court concludes that Flores' claim of waiver must be decided by the arbitrator and not by this Court. Compelling arbitration here will address the concerns articulated by the Fourth Circuit, namely duplication of effort by the arbitrator and the court and delay created in re-litigating issues. Further, it honors the parties' agreement to arbitrate, and the federal policy favoring arbitration. *See id.* at 425–26.

Olive Garden, having satisfied each of the requirements to compel arbitration in this matter, is entitled to an order from this Court compelling arbitration. In addition, Olive Garden has requested attorney's fees and costs. The Court, however, finds no statutory support under the FAA for awarding Olive Garden attorney's fees and costs. *See* 9 U.S.C §§

---

[3] This is distinguishable from those circumstances where courts have determined that the issue of waiver was for the court and not the arbitrator to decide. *See, e.g.*, *Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F. Supp. 2d 640, 648–49 (E.D. Va. 2006). Those circumstances involved litigation conduct, demonstrating a waiver of the right to arbitrate. *See id.*

1–16; *Am. Reliable Ins. Co. v. Stillwell*, 212 F. Supp. 2d 621, 634 (N.D. W. Va. 2002), *aff'd*, 336 F.3d 311 (4th Cir. 2003). Nor has Olive Garden pointed to a provision in the arbitration agreement or other support which allows for such award. (*See* ECF No. 6 at 14, ECF No. 8 at 7.) The Court will, therefore, deny Olive Garden's requests for attorney's fees and costs.

## V.   CONCLUSION

For the reasons set forth herein, the Court will grant Olive Garden's motion to the extent that the Court will enter an Order compelling arbitration. The Court will deny Olive Garden's motion to the extent that it seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6) and will further deny Olive Garden's request for attorney's fees and costs.

The Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Olive Garden's Motion to Dismiss and Compel Arbitration (ECF No. 5) is GRANTED IN PART AND DENIED IN PART. Olive Garden's motion is granted to the extent that arbitration is compelled pursuant to 9 U.S.C § 4 and this matter shall be stayed pending all matters determined to be arbitrable by the Arbitrator; and shall be denied to the extent that it seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Further, Olive Garden's request for attorney's fees and costs shall be and is hereby denied.

This, the 15th day of December, 2016.

    /s/ Loretta C. Biggs
United States District Judge